IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,628






EX PARTE ROBERT MCDADE, Applicant









ON APPLICATION FOR WRIT OF HABEAS CORPUS

 CAUSE NO. 967322-A IN THE 263RD 

JUDICIAL DISTRICT COURT HARRIS COUNTY


 

 Per curiam.


O P I N I O N



 Pursuant to a plea agreement in cause number 967322, Robert McDade pled guilty to
the second-degree felony offense of possession of a controlled substance in January 2004. 
McDade was sentenced to fourteen years' imprisonment. He did not appeal. 

 On October 3, 2006, Robert McDade filed an application for a writ of habeas corpus
pursuant to Article 11.07, Texas Code of Criminal Procedure, in the trial court. (1) After the
trial judge entered an order recommending that relief be denied, McDade's application was
forwarded to this Court. (2) In his application, McDade cites his conviction for possession of
a controlled substance as the conviction from which he seeks relief. But, as the trial judge
correctly found, McDade's grounds for relief relate only to a federal conviction and sentence. 
Specifically, McDade's complaints concern a pending federal detainer lodged against him,
which, according to McDade, is listed under number "H91CR14402." We filed and set this
case to determine whether McDade's application should be dismissed for lack of jurisdiction. 

 We do not have jurisdiction to consider claims that challenge a federal conviction and
sentence. (3) An application filed under Article 11.07 must seek relief from a state felony
judgment imposing a penalty other than death. (4) The fact that McDade purports to challenge
his state conviction and sentence in cause number 967322 does not override the subject
matter of his grounds for relief, which relate only to a federal conviction and sentence. So
even though McDade has identified his state conviction for possession of a controlled
substance as the conviction from which he claims to seek relief, it is the substance of his
claims that controls our disposition of his habeas application. After considering McDade's
application in its entirety, we dismiss his application because we do not have jurisdiction to
consider his grounds for relief. 


DATE DELIVERED: June 6, 2007

DO NOT PUBLISH


Cochran, J., not participating.

1. Tex. Code Crim. Proc. art. 11.07 § 3(b) (Vernon 2005). 
2. Id. 
3. Tex. Const. art. V, § 5 (Vernon 2007). 
4. Tex. Code Crim. Proc. art. 11.07 §§ 1, 3(b).